# UNITED STATES BANKRUPTCY COURT
## District of Colorado

Page 1 of 13

2010 OCT 18 PM 12: 52

BANKRUPTCY COURT
DISTRICT OF COLORADO

**Mark S Miller and Jamileh Miller**
**PLAINTIFF**

vs

**Deutsche Bank National Trust Company**
**DEFENDANT**

**Aronowitz & Mecklenburg, LLP.**
**DEFENDANT**

**Citimortgage** Inc.
**DEFENDANT**

**OneWest** Bank F S B
**DEFENDANT**

Bankruptcy Case No:
10-25453-MER

Adversary Proceeding No:
10-1757 MER

# ADVERSARY PROCEEDING
## COMPLAINT FOR RECOVERY OF PROPERTY, FRAUD, ILLEGAL FORECLOSURE, FRAUDULENT TRANSFER

**PLAINTIFF'S ORIGINAL COMPLAINT FOR RECOVERY OF MONEY & PROPERTY, FRAUD, FRAUDULENT TRANSFER, & UNLAWFUL FORECLOSURE**

## I. INTRODUCTION - NATURE OF THE CASE

This is an Adversary Proceeding to recovery property and money, pursuant to Bankruptcy Rule 7001(1), and a proceeding to determine the validity, priority, or extent of a lien or other interest in property pursuant to Rule 7001(2), an action to obtain an injunction or other equitable relief from an illegal foreclousure, and FRAUD, pursuant to Rule 7001(7) and suit to obtain a declaratory judgment pursuant to rule 7001(9) declaring defendants to acts to be unlawful.

The relief sought includes sanctions, injunctive relief, treble damages, compensatory, and punitive damages under state law; the imposition of a constructive trust with tracing; cost of investigation and suit, interest, and attorney fees, for all other relief afforded under law for certain unlawful acts, and fraudulent claims filed against the bankruptcy estate of the plaintiff. Plaintiff is entitled to immediate INJUNCTIVE RELIEF from an illegal foreclosure & other unlawful acts.

## II. JURISDICTION & VENUE

This court has jurisdiction over this Adversary proceeding pursuant to Part VII, Rule 7001 and in particular, under Rule 7001(1) a proceeding to recover money or property, under Rule 7001(2), and action to obtain an injunction or other equitable relief, and Rule 7001(7), suit to obtain a declaratory judgment pursuant to Bankrupty Rule 7001(9) Jurisdiction of this court over this matter is invoked pursuant to 28 U.S.C §157(b)(2)(k), 28U.S.C. §157(b)(2)(b), 28 U.S.C. §157(b)(2)(1)(B), under 28 U.S.C. §157(b)(2)(o)

The court has jurisdiction to the state law claims for FRAUD, under the doctrine of supplemental jurisdiction and may enter a judgment relative to the FRAUD, and other state causes of action compained of in this complaint.

## III. PARTIES & RELATIONSHIPS

3. Plaintiff, **Mark S Miller and Jamileh Miller** is a natural person who resides in this judicial district. Plaintiff Mark S. Miller is citizen of the United States Of America who resides within the District Of Colorado. At all times pertinent herein, plaintiffs are debtors within the meaning of Title 11 U.S.C. of the Bankruptcy Code. At all times pertinent herein, plaintiff is NOT indebted to Defendant Deutsche Bank, NA, or any the defendants, and owes no money at all to any of the defendants. Defendants have conspired to defraud and steal property from the plaintiffs.

**Defendant** **Deutsche Bank National Trust Company** is a foreign corporation doing business within the jurisdiction of the District Of Colorado, and within this district. At all times pertinent herein, defendant purport to be a "creditor" within the meaning of 11 U.S.C. of the Bankruptcy Code. Defendant can be served at its corporate offices or registed agent located at:

Deutsche Bank National Trust Company
1716 E. St Andrew Pl.
Santa Ana, CA 92705

**Defendant** **Aronowitz & Mecklenburg, LLP.** A Limited Liability Partnership.
Defendant is at all times herein mentioned was a Limited Liability partnership organized and existing under the laws of the of the State of Colorado and maintains offices in this state. Defendants engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962. This defendant is engaged in the business of debt collection and have initiated improper legal proceedings against plaintiffs. Defendant can be served at:

Aronowitz & Mecklenburg, LLP
1199 Bannock St
Denver, CO 80204

Defendant **Citimortgage** is a foreign corporation doing business in this state. Defendant is at all times herein mentioned was a Corporation organized and existing under the laws of the of the State of New York and maintains offices in that state. Defendants engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962. This defendant is engaged in the business connected with Mortgage Loan Servicing. Defendants can be served at:.

Citimortgage Inc.
P.O. Box 9438
Gaithersburg, MD 20898-9438

Defendant **OneWest** is a foreign corporation doing business doing business in this state. Defendant is at all times herein mentioned was a Corporation organized and existing under the laws of the of the State of California and maintains offices in that state. Defendants engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962. This defendant is engaged in the business connected with Mortgage Loan Servicing. Defendants can be served at:

OneWest Bank F.S.B
7700 W. Parmer Lane, Bldg. D
Austin, TX 78729-8101

## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................Page 1

II. JURISIDICTION & VENUE............................................................................... Page 1

III. CAUSES OF ACTION AND CLAIMS................................................................. Page 3

    **ISSUE 1**      COMPLAINT TO RECOVERY OF MONEY AND PROPERTY ........Page 3
    PURSUANT TO Bankruptcy Rule 7001(1)

    **ISSUE 2**      COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A .......Page 3
    LIEN OR OTHER INTEREST IN PROPERTY PURSUANT TO RULE 7001(2)

    **ISSUE 3**      COMPLAINT FOR INJUNCTION OR OTHER EQUITABLE RELIEF .......Page 3
    PURSUANT TO BANKRUPTCY RULE (7)

    **ISSUE 4**      COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO .......Page 3
    BANKRUPTCY RULE 7001(9)

VI. PARTIES & RELATIONSHIPS................................................................................ Page 4

V. FACTUAL ALLEGATIONS..................................................................................... Page 5

VIIII...................................................................................................................................Page 8
**DEFENDANTS HAVE UNLAWFULLY STOLEN AND/OR IMPROPERLY TRANSFERRED PROPERTY FROM THE ESTATE AND PLAINTIFF MAY RECOVERY THIS PROPERTY PURSUANT TO BANKRUPTCY RULE 7001(1)**

XI. ..................................................................................................................................Page 9
**DEFENDANTS HAVE ATTEMPTED TO PLACE AN UNLAWFUL CLOUD OVER THE TITLE TO THE PROPERTY BY USING FRAUDULENT TRANSFERS, AND PLAINTIFF FILES THIS COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF DEFENDANT'S LIEN OR OTHER INTEREST IN PLAINTIFF'S PROPERTY PURSUANT TO BANKRUPTCY RULE 7001(2)**

X. ..................................................................................................................................Page 10
**FRAUD: DEFENDANTS HAVE ATTEMPTED UNLAWFUL FORECLOSURE PROCEEDINGS & ATTEMPTS TO OBTAIN BANKRUPTCY JUDGMENTS INCLUDING A FRADULENT "MOTION TO LIFT THE STAY" ON PROPERTY WHICH DEFENDANTS DO NOT OWN, AND PLAINTIFF IS ENTITLED TO AN INJUNCTION OR OTHER EQUITABLE RELIEF PURSUANT TO BANKRUPTCY RULE 7001 (7)**

XI. ..................................................................................................................................Page 11
**PLAINTIFFS ARE ENTITLED TO A DECLARATORY JUDGMENT UNDER BANKRUPTCY RULE 7001(9) TO HAVE DEFENDANT'S PURPORTED LIEN TO BE DECLARED UNENFORCEABLE, AND A DECLARATORY JUDGMENT DECLARING DEFENDANTS HAVE NO RIGHT TO PROCEED AGAINST PROPERTY OF THE ESTATE**

XII. COMPUTATION OF DAMAGES..................................................................... Page 12

XIII. PRAYER FOR RELIEF..................................................................................... Page 13

SERVICE OR PROCESS................................................................................ATTACHED

APPENDIX OF EXHIBITS.............................................................................ATTACHED

## VI. CLAIMS & CAUSES OF ACTION

ISSUE 1     COMPLAINT TO RECOVERY OF MONEY AND PROPERTY PURSUANT TO Bankruptcy Rule 7001(1)

ISSUE 2     COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY PURSUANT TO RULE 7001(2)

ISSUE 3     COMPLAINT FOR INJUNCTION OR OTHER EQUITABLE RELIEF PURSUANT TO BANKRUPTCY RULE (7)

ISSUE 4     COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO BANKRUPTCY RULE 7001(9)

5.1 Pursuant to Issue 1 above, defendants have improperly taken money and property, and plaintiff herein sues to recover both money and property which lawfully belongs to the plaintiff. Defendant have fraudulently masqueraded as the "Holder in due Course" and have improperly taken monies and payments from plaintiff in violation of law.

5.2 Pursuant to Issue 2 above, defendants have filed a FRAUDULENT FORECLOSURE, ACTION & FALSE CLAIMS IN PLAINTIFF'S BANKRUPTCY CASE, which placed an unlawful cloud over the title or lien of plaintiff's real property listed in the plaintiff schedules. Plainitiff therefore sues that this court may determine the validity, priority, or extent of the lien claimed by defendnats Deutch Bank, NA as trustee, and the other named defendants.

5.3 Pursuant to Issue 3 above, the plaintiff is entited to an injunction or other equitable relief enjoinging the ILLEGAL FORECLOSURE, and fradulent actions and motions file in plaintiff's Bankruptcy Case. Amongst the fradulent and harrassing actions are a pending "motion to lift the automatic stay" for which defendants have no real legal right to assert.

5.4 With regards to ISSUE 4 above, plaintiff request DECLARATORY RELIEF, declaring that (a) defendants lien is FRAUDULENT in nature, (b) the defendant's foreclosure was illegal and unlawful, (c) that defendant has no real lien in plaintiff's property, or the said lien is UNENFORCEABLE and/or FRAUDULENT in nature, (d) that defendant have no right to assert legal actions against the subject property of plaintiff's bankrutpcy case.

## V. *FACTUAL ALLEGATIONS*

In an harassing, and evil scheme to steal and defraud real property and financial assets of the Plaintiff, the named defendants and its agents, trustees, and attorneys commenced a scam to unlawfully foreclose real property which defendants have no lawful right to foreclose by filing fraudulent trustee deeds, and bogus pleadings instruments which is designed to carry out an UNLAWFUL FORECLOSURE, and fraudulent Bankruptcy Actions in favor of defendants, and against the estate of the plaintiffs.

### THE ILLEGAL FORECLOSURE - FALSE ASSIGNMENT TO DEUTSCHE BANK

The illegal foreclosure consisted of a scam which deployed a false and/or fraudulent and non-existent assignment over a deed of trust executed by defendants. In this scam, no assignment is actually executed by the AUTHORIZED TRUSTEE, of record: "THE PUBLIC TRUSTEE".

### FRAUDULENT NOTICE: NOTICE OF ELECTION AND DEMAND

n or about February 24, 2010 the defendants acting in concert, caused the public trustee to record a fraudulent instrument entitled "Notice of election and Demand" against plaintiff's property which purport to convey property right and substitute trustee powers to defendant DEUTSCHE BANK and Trust Company. The false conveyance was actually executed by persons identified as "Deutsche Bank National Trust Company" . (See Exhibit A - NOTICE OF ELECTION AND DEMAND)

Plaintiff asserts that this document a FRAUDULENT ASSIGMENT because defendant Deutsche Bank had no authority to convey any such mortgage, and moreover, was NOT the holder in due course connected to the subject property.

Plaintiff alleges an UNLAWFUL CONVERSION of Real Property in violation of law.

On or about October 12, 2010, Defendants attorneys Aronowitz & Mecklenburg, LLP further perpetrated a false "Original Note" Scam, in furtherance of the scheme to intimidate and steal property from the plaintiff's estate. Defendants submitted an instrument entitled "Original Note" and which defendant purport to assert is the original note, but which in fact is a FRAUD designed to unlawfully convey property that defendant has no legal right to convey. (See Exhibit "B"). Plaintiff's reserve the right to amend this fraud claim.

## VI. *FACTUAL ALLEGATIONS - CON'T*   Page 6 of 13

These defendants had no permisson from the original trustee of record, or plaintiffs to execute any assignment of the subject property.

It is specifically alleged herein, that defendants Deutsche Bank, NA, it attorneys, assign, and MERS perpetrated the said assignment for fraudulent means to unlawfully convey property, and the transaction is fraudulent in nature. Defendant Deutsche Bank had no right to execute any assignment of Substitution of Trustee relative to plaintiff property, nor has any assignment been previously assigned to defendants..

### BANKRUPTCY FRAUD - MOTION TO LIFT STAY

As part of its continuing game of fraud, and deceit, the defendant Aronowitz & Mecklenburg, LLP ("Aronowitz"), in conspiracy with Deutsche Bank, executed a scam motion to lift stay which is dated October 7, 2010, purportedly on behalf of DEUTSCHE BANK. (See Exhibit "C") This instrument is purely fraudulent because it claims that defendants are the Holder in due course of a note purportedly held by defendant which it claim it owns, but which in fact IT IS NOT. In fact, this fraudulent instrument is FRAUD on its face, because it is appears defendant Deutsche Bank, in not the correct party in Interest connected to any note alleged by defendants.

Plaintiff asserts that the entire instruments is a fraudulent instrument which has absolutely NO BASIS IN LAW, and should be declared UNENFORCEABLE by this court. It is specifically alleged herein, that no real mortgage note exist, and defendant have falsely and fraudulent asserted false claims against the estate of the plaintiff, which constitute FRAUD and NEGLIGENT MISREPRESENTATION, and fraud upon the court.

UNLAWFUL FORECLOSURE: Prior to plaintiff's bankruptcy case, defendants initiated false, meritless, baseless, and unlawful legal proceedings in state court against the subject property and the plaintiffs without having any legal right or basis. Defendants have maliciously prosecuted the plaintiff, and therefore liable in tort for the false prosecutions, and FALSE claims made against the estate of the plaintiff, including but not limited to, the false claim that defendant is the note holder or "holder in due course" of the "original note" held by defendants.

*Action of Mark S Miller and Jamileh Miller*

## VII. FACTUAL ALLEGATIONS - CON'T

The following **nonexclusive list** of unlawful acts were committed by the defendants named herein against the plaintiff, and the subject property, in support, and furtherance of the conspiracy and/or violations complained of herein, plaintiff alleges as follows:

| | |
|---|---|
| Defendant Deutsche Bank, N.A. composed a FRAUDULENT INSTRUMENT - NOTICE OF ELECTION AND DEMAND to the Public Trustee against plaintiff's real property. | **Exhibit A** |
| Defendant Deutsche Bank composed a FRAUDULENT NOTICE against plaintiff's real property, and purportedly transferred it to Deutsche Bank for purposes of unlawfuly conveying Real Property which does not belong to defendant. | **Exhibit A** |
| Defendant Deutsche Bank and its attorneys, committed BANKRUPTCY FRAUD, by filing a fraudulent motion in the bankruptcy Court proceeding seeking to Lift the Stay on Property for which it has absolutely no legal interest in. | **Exhibit B** |
| Defendants Deutsche Bank, NA, purporting to act as trustee for the other named defendants composed and executed other fraudulent instruments within plaintiff's bankruptcy case, masquerading as owners in interest in plaintiff real property. | **Exhibit B** |
| Defendant Deutsche Bank and the other named defendants conspired to perpetrate a false foreclosure to steal property from the plaintiffs, but WAS NOT authorized to act under any deed of trust affiliated with plaintiff's real property. | |
| Defendant Deutsche Bank perpetrated a FALSE FORECLOSURE SALE, which in effect did not occur, placed an unlawful cloud over the title of plaintiff's real property. | |
| Defendants have individually, and collectively SLANDERED THE TITLE of plaintiff's real property by way of the fraudulent instruments complained of herein. | |
| On or about October 12, 2010, Defendants collectively with their attorney filed a fraudulent instrument into the court record masquerading as the "original note" which defendant intended to represent as the real and authentic note, but which in fact was false and fraudulent in nature. | **Exhibit B** |

## VIII.
### DEFENDANTS HAVE UNLAWFULLY STOLEN AND/OR IMPROPERLY TRANSFERRED PROPERTY FROM THE ESTATE AND PLAINTIFF MAY RECOVERY THIS PROPERTY PURSUANT TO BANKRUPTCY RULE 7001(1)

The previous paragraphs are incorporated herein by reference. It is specifically alleged that defendants have stolen property which may be recovered under Bankruptcy Rule 7001(1).

By its fraudulent acts, and the composition and subsequent filing of fraudulent instruments, defendants actions has resulted in theft of property, resulting in dishonesty, trickery, deceit, and a predatory practices tactic designed to steal property and assets from the plaintiff.

Plaintiff further incorporates by reference, the Fraud Instruments attached to this complaint which demonstrates fraud on its face.

It is specifically alleged herein, that defendants, individually, and/or collectively used these fraudulent instruments to perpetrate an UNLAWFUL FORECLOSURE of plaintiff's property. Plaintiff alleges that no foreclosure sale actually took place.

### THE PROPERTY DEFRAUDED

The address of the property defrauded by defendants is as follows:

19733 E. Union Dr.

Centennial, CO 80015

Plaintiffs are the true owner of the property and has a substantial amount of equity in the property, and well over $100,000.00 which as been taken by defendants fraudulents acts. Thus plaintiff is entitled to recover of the property, and the value for which fraud was used to steal the same.

## IX.
### DEFENDANTS HAVE ATTEMPTED TO PLACE AN UNLAWFUL CLOUD OVER THE TITLE TO THE PROPERTY BY USING FRAUDULENT TRANSFERS, AND PLAINTIFF FILES THIS COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF DEFENDANT'S LIEN OR OTHER INTEREST IN PLAINTIFF'S PROPERTY PURSUANT TO BANKRUPTCY RULE 7001(2)

The previous paragraphs are incorporated herein by reference. It is specifically alleged that defendants have placed an unlawful cloud over the title, which such lien or deed may be determined by Bankruptcy Rule 7001(2) for its authenticity.

By the filing of false and fraudulent instruments against the plaintiff's property, defendants have unlawfully, intentionally, slandered the title, and have placed an UNLAWFUL CLOUD over the title of plainiff's property.

It is specifically alleged herein, that defendants purported lien, which was created by false means have absolutely NO VALUE, and should be dismissed as FRAUD.

It is further alleged herein, that defendants purported lien, which was created by false means have absolutely NO PRIORITY, and should be dismissed as FRAUD.

Due to the FRAUD complained of herein, it is specifically alleged that defendants have absolutely NO INTEREST in the subject real property which made the basis of this case and further identified as the property located at: 19733 E. Union Dr. Centennial, CO 80015.

### FRAUDULENT BANKRUPTCY FILINGS

The filing of several misrepresented, fraudulent bankruptcy motions and actions by defendants have placed improper claim within the plaintiff's bankruptcy and wrongfully robs plaintiff of important bankruptcy rights protected under federal law and the Constitution of the United States of America.

## X.
### FRAUD: DEFENDANTS HAVE ATTEMPTED UNLAWFUL FORECLOSURE PROCEEDINGS & ATTEMPTS TO OBTAIN BANKRUPTCY JUDGMENTS INCLUDING A FRADULENT "MOTION TO LIFT THE STAY" ON PROPERTY WHICH DEFENDANTS DO NOT OWN, AND PLAINTIFF IS ENTITLED TO AN INJUNCTION OR OTHER EQUITABLE RELIEF PURSUANT TO BANKRUPTCY RULE 7001(7)

The previous paragraphs are incorporated herein by reference. It is specifically alleged that defendants have stolen property which may be IMMEDIATELY recovered under Bankruptcy Rule 7001(1), and that plaintiff is entitled to an INJUNCTION under Bankrutpcy Rule 7001(7).

Defendants had absolutely NO RIGHT to foreclose, or even to initiate foreclosure proceedings against the subject property, or to file fraudulent legal actions in plaintiff's bankruptcy case, and any judgment previously obtained by FRAUD, constitutes fraud on the court is NULL and VOID. Plaintiffs further asserts "malicious prosecution" that defendants have wrongfully prosecuted court actions against plaintiff for which they had no legal basis for doing so.

The unlawful foreclosure action seeks to commit theft of plaintiff's real property, investments, and other assets inherent to plaintiff's real property.

Defendants are liable for punitive damages as a result of this UNLAWFUL FORECLOSURE, which can be seen on the face of the documents in this case.

Moreover, it is specifically alleged that any scheduled foreclosure of the subject property is without legal foundation and is being done for purposes of stealing plainitff's real property, but under the guise of a valid foreclosure.

It is further alleged by plaintiffs that defendants can show no real proof or support of that it is in fact the holder in Due Course of the subject property, nor can it demonstrate that it even had a right to initiate foreclosure proceedings. Deutsche Bank, NA acting individually or as trustee, CAN NOT show proof that it actually owns any mortgage or deed of trust connected to plaintiff's real property.

INJUNCTION: This court may IMMEDIATELY enjoin the unlawful acts of the defendants and enter a permanent injunction enjoining the same.

## XI.
**PLAINTIFFS ARE ENTITLED TO A DECLARATORY JUDGMENT UNDER BANKRUPTCY RULE 7001(9) TO HAVE DEFENDANT'S PURPORTED LIEN TO BE DECLARED UNENFORCEABLE, AND A DECLARATORY JUDGMENT DECLARING DEFENDANTS HAVE NO RIGHT TO PROCEED AGAINST PROPERTY OF THE ESTATE**

The previous paragraphs are incorporated herein by reference. It is specifically alleged that defendants have stolen property which may be recovered under Bankruptcy Rule 7001(1).

Defendants conveyances and transfers herein are all FRAUDULENT TRANSFERS and may be declared unlawful and reversed by this court.

Upon answer to the complaint, Plaintiffs are entitled to immediate Summary Jugment on the issue(s) related to defendants alleged rights to plaintiff's real property described in this complaint.

Plaintiffs are further entitled to a declaratory judgment declaring that defendants have no real legal interest in the subject property as complained of this lawsuit.

Plaintiffs are entitled to a declaratory judgment as to all of the following:

(a) A declaratory judgment that defendants are NOT in possession of the original mortgage or promissory note connected to plaintiff's real property,

(b) A declaratory judgment that the original promissory note has not been assigned to Deutsche bank or to any of the other defendants,

(c) A declaratory judgment that defendants committed the FRAUD complained of herein,

(d) A declaratory judgment that defendants committed FRAUD on the court, and

(e) A declaratory judgment declaring the other acts complained of to be unlawful in commerce.

RESERVATION OF RIGHTS TO AMEND: Plaintiffs individually and collectively reserve the right to amend this complaint in accordance with law and the local rules.

Mark S Miller and Jamileh Miller vs Mark S Miller and Jamileh Miller

COMPLAINT TO RECOVER PROPERTY & MONIES FROM FRAUDULENT TRANSFER

Case:10-01757-MER  Doc#:1  Filed:10/18/10  Entered:10/19/10 12:00:19  Page12 of 17

Page 12 of 13

# XII. COMPUTATION OF DAMAGES

**12.1** As a result of the despicable acts described herein, the plaintiff Mark S Miller and Jamileh Miller is entitled to recover the following damages:

| | | |
|---|---|---|
| 1. | Punitive Damages | $3,000,000.00 |
| 2. | Actual Damages | $238,676.53 |
| 3. | Damages for *FRAUD* | $238,676.53 |
| 4. | Negligent Misrepresentation | $238,676.53 |
| 5. | Intentional Infliction of Emotional Distress & Pain | $500,000.00 |
| 6. | Restitution for Conspiracy | $500,000.00 |
| 7. | Compensentatory Damages | $500,000.00 |
| 8. | Treble Damages | $716,029.59 |
| 9. | Embarrassment, Humiliation, & Anxiety | $500,000.00 |
| 10. | Restitution for UNJUST ENRICHMENT | $238,676.53 |
| 11. | Damages for UNLAWFUL FORECLOSURE | $250,000.00 |
| 12. | Damages for WRONGFUL MALICIOUS PROSECUTION | $250,000.00 |
| 13. | Resitution for Theft and Trespass | $500,000.00 |
| 14. | Tortious Interference With A Contract | $500,000.00 |
| 15. | Restitution for Embezzlement | $500,000.00 |
| 16. | Restitution for DECEPTIVE TRADE PRACTICES | $250,000.00 |
| 17. | Restitution for Stock-Securities Fraud | $250,000.00 |
| 18. | Restitution for FINANCIAL FRAUD | $250,000.00 |
| 19. | Restitution for CONVERSION | $500,000.00 |
| 20. | Restitution for Negligence | $500,000.00 |
| 21. | Restitution for DISGORGEMENT OF ILLEGAL PROFITS from FRAUD | $500,000.00 |
| | Total Damages | $10,920,735.71 |

**Ten Million Nine Hundred Tweny Thousand Seven Hundred Thirty Five & .71**

Action of Mark S Miller and Jamileh Miller        COMPLAINT TO RECOVER PROPERTY & MONIES FROM FRAUDULENT TRANSFER

## XIII. PRAYER FOR RELIEF

Page 13 of 13

**WHEREFORE**, plaintiff demands judgment against defendants as follows:
WHEREFORE, plaintiff prays that this Adversary complaint be filed and that defendants answer the same within the time allowed by law.

1. Plaintiff prays for an order prohibiting the defendants from taking possession or taking any action what-so-ever against the subject property, and a declaration that defendants have no standing to initiate legal proceedings against the subject property, and an order permanently enjoining defendants from forever asserting any right what-so-ever against the subject property.

2. Plaintiff further pray for a declaratory judgment that defendant Deutsche Bank or its assignees, heirs, or any of the defendant is the true holder in due course of the note connected to plaintiff's real property and/or mortgage, and is not entitled to enforce legal actions agains the subject property.

Plaintiff prays that the Honorable Court after due proceedings, and all legal delays enter final judgment as demanded in this complaint against all defendants, jointly, severely, and in solido, condemning them all for the said unlawful acts in the full amount of $10,920,735.71, including court cost, attorney fees, interest from the date of judicial demand and all other equitable relief under law.

**WHEREFORE, ALL PREMISES CONSIDERED**, Plaintiff pray that this Honorable Court after due proceeding, and all legal delays, do enter judgment against the defendants jointly, severely, and in solido, condeming them all, for the said unlawful acts in the full amount of :   $10,920,735.71

**Ten Million Nine Hundred Twenty Thousand Seven Hundred Thirty Five & .71**

including court cost, attorney fees, interest from the date of judicial demand and for all general and equitable relief afforded under law.

Respectfully Submitted

*[signatures]*

Mark S. Miller & Jamileh Miller
19733 E Union Dr.
Centennial, CO 80015

Phone: ( 303 ) 358 - 1190

Action of Mark S Miller and Jamileh Miller

**JURY TRIAL DEMANDED**

<u>**JURY TRIAL**</u>: **<u>PLAINTIFF DEMANDS A TRIAL BY JURY.</u>**

## REQUEST FOR SERVICE

Please serve defendants at the following addresses:

Deutsche Bank National Trust Company
1716 E. St Andrew Pl.
Santa Ana, CA 92705

Aronowitz & Mecklenburg, LLP
1199 Bannock St
Denver, CO 80204

Citimortgage Inc.
P.O. Box 9438
Gaithersburg, MD 20898-9438

OneWest Bank F.S.B
7700 W. Parmer Lane, Bldg. D
Austin, TX 78729-8101

## Appendix of Exhibits

| Exhibit # | Description of Exhibit |
|---|---|
| A | NOTICE OF ELECTION AND DEMAND |
| B | FALSE "ORIGINAL NOTE" |
| C | MOTION TO LIFT STAY |

*Action Of   Mark S Miller and Jamileh Miller*

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 10 17 57 MER |
|---|---|
| **PLAINTIFFS** Mark S. Miller, Pro se  Jamileh Miller, Pro se | **DEFENDANTS** Deutsche Bank Ntl. Trust  Aronowitz & Mecklenburg LLP  Citimortgage, One West Bank F.S.B. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)  Mark S. Miller & Jamileh Miller  14733 E Union Dr, Centennial Co 80015  303-358-1190 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)  ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only)  ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☒ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Cause of Action for FRAUD, UNLAWFUL FORECLOSURE, COMPLAINT TO RECOVER MONEY OR PROPERTY, COMPLAINT; Rule 7001(1) a proceeding to recover money or property under Rule 7001(2), action to obtain an injunction or other equitable relief, and Rule 7001(7), suit to obtain a declaratory judgment pursuant to Bankruptcy Rule 7001(9) 28 U.S.C.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 10 million |
| Other Relief Sought | |

§157(b)(2)(K), 28 U.S.C. §157(b)(2)(b), 28 U.S.C. §157(b)(2)(1)(B), under 28 U.S.C. §157(b)(2)(b)

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mark S. Miller + Jannilee Miller | BANKRUPTCY CASE NO.<br>10-25453-MER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE | NAME OF JUDGE<br>Michael E. Romero |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>10/18/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mark S. Miller + Jannilee Miller | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.