UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | | |
|---|---|---|
| IN RE : MARK S. MILLER<br>JAMILEH MILLER<br><br>DEBTORS<br><br>_____<br><br>MARK S. MILLER<br>JAMILEH MILLER<br><br>Plaintiffs,<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ARONOWITZ & MECKLENBURG, LLP, CITIMORTGAGE, INC. AND ONEWEST BANK FSB<br><br>Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 13<br>Case No. 10-25453<br><br><br><br><br><br><br><br>Adversary Case No.<br>10-01757-MER |

**CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' ADVERSARY COMPLAINT**

Defendant CitiMortgage, Inc. (**Citi**) respectfully submits its motion to dismiss plaintiffs Mark S. Miller and Jamileh Miller's (**plaintiffs**) adversary complaint pursuant to Fed. R. Civ. P. Rules 8(a), 9(b) and 12(b)(6), as respectively made applicable to adversary proceedings by virtue of Fed. R. Bankr. P. Rules 7008, 7009 and 7012(b).

**I.      INTRODUCTION**

The plaintiffs' complaint provides zero grounds on which this Court can grant relief because it fails to provide Citi with any semblance of fair and reasonable notice of the claims against it, or the factual grounds upon which any such claims are based. Aside from the caption and request for service, Citi is only identified by name once in the

complaint. After being named in the "Parties & Relationships" section, plaintiffs make no mention of Citi, but rather address their claims in lump-sum fashion against all named parties using "defendant," "defendants" and "defendant's" in a manner that renders it impossible to reasonably discern who is alleged to have done what—and specifically, what Citi allegedly did with respect to plaintiffs or their real property. This pleading deficiency is fatal for most, if not all, of plaintiffs' identifiable claims given the frequency with which they assert fraud and the complete absence of any facts plausibly suggesting the existence of a conspiracy.

Plaintiffs' claims, as they may allegedly relate to Citi, also fail at a more fundamental level because Citi was not involved with the allegedly fraudulent initiation of foreclosure on their property. The crux of plaintiffs' complaint is that the initiation of foreclosure and motion for relief from stay filed in plaintiffs' bankruptcy were improper because the first lienholder on their property, Deutsche Bank National Trust (**Deutsche Bank**), allegedly doesn't own the note. However, Citi does not own the first lien on plaintiffs' property, it is the second lienholder on the property and it has not taken any action to foreclose. Judicially-noticeable facts establish Citi did not file a "Notice Of Election And Demand For Sale" relating to plaintiffs' real property, did not assign to Deutsche Bank any note or deed of trust relating to plaintiffs' property, and neither moved for nor was granted relief from the automatic stay in plaintiffs' bankruptcy case.

Plaintiffs have failed to allege any facts demonstrating a good faith basis for initiating this adversary proceeding against Citi under Fed. R. Bankr. P. 7001(2). The validity, priority and extent of Citi's secondary lien on plaintiffs' real property is unquestionably established by the recorded documents relating to its lien, which lien is

not the subject of this lawsuit. For all of these reasons, discussed further below, Citi respectfully requests dismissal of this case, with prejudice.

## II. RELEVANT FACTS

On or about April 20, 2006, plaintiffs obtained a $216,236.00 loan (**First Loan**) and a $54,060.00 loan (**Second Loan**). The First Loan and Second Loan (collectively **Loans**) were secured by property located at 19733 E. Union Dr., Centennial, CO 80015 (**Property**). (Bankr. Case No. 10-25453-MER, Doc. #64 at 8-36; Request for Judicial Notice (**RJN**), Exs. 1-2). IndyMac Bank, F.S.B., which is not named as a defendant, was the originating lender of the Loans. (*Id*.). Deutsche Bank ultimately became the trustee for the First Loan, and Citi was subsequently assigned the Second Loan. (Compl. Ex. A; RJN, Ex. 3).

On February 18, 2010, Deutsche Bank filed its "Notice Of Election And Demand For Sale" on the First Loan. (Compl. Ex. A). Citi's name does not appear on that document. (*Id*.). Citi did not elect to foreclose on the Second Loan.

A little over four years after obtaining the Loans, plaintiffs filed for Chapter 13 Bankruptcy on June 22, 2010. (Bankr. Case No. 10-25453-MER, Doc. #3). On October 10, 2010, by and through its attorneys, Aronowitz & Mecklenburg, LLP, Deutsche Bank moved for relief from the automatic stay to pursue its state remedies under the First Loan. (Bankr. Case No. 10-25453-MER, Doc. #64). Citi did not join in that motion. (*Id*.) Before responding to Deutsche Bank's motion, plaintiffs initiated this adversary proceeding on October 18, 2010. (Bankr. Case No. 10-25453-MER, Doc. #71). Plaintiffs objected to Deutsche Bank's motion for relief from stay on October 26, 2010, attaching a copy of their adversary complaint and arguing the motion should be denied

{DN042542;1}   3

and the issues decided in this adversary proceeding. (Bankr. Case No. 10-25453-MER, Doc. #79).

On November 3, 2010, the Court held a hearing on the motion and issued an order granting Deutsche Bank the right to foreclose on and/or take possession of the Property. (Bankr. Case No. 10-25453-MER, Doc. ##84-85). Absent from the Court's order is any reference to Citi. (Bankr. Case No. 10-25453-MER, Doc. #85).

### III. LEGAL STANDARDS

#### A. RULE 8(a)

Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." To state a claim a "complaint must explain what each defendant did to [plaintiff]; when the defendant did it; how the defendant's action harmed [plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

#### B. RULE 9(b)

Rule 9(b) requires a heightened pleading standard and provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000) (cited authority omitted).

### C. RULE 12(b)(6)

In ruling on a motion to dismiss, the Court must accept well-pleaded allegations as true and must construe them in the light most favorable to the plaintiffs. *See Fisher v. Un. Feature Syndicate, Inc.*, 37 F. Supp. 2d 1213, 1215 (D. Colo. 1999), judgment aff'd by *Fisher v. Un. Feature Syndicate, Inc.*, 203 F.3d 834 (10th Cir. 2000), *cert. denied.* However, the court need not accept as true mere "conclusory" allegations. *See Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003). Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); *Bonanno v. The Quizno's Franchise Co. LLC*, No. 06-cv-02358-WYD-KLM, 2008 WL 638367, at *2 (D. Colo. March 5, 2008) (noting *Twombly's* heightened pleading requirement).

In a recent ruling, the Supreme Court reaffirmed *Twombly's* higher pleading requirements in light of a pre-answer motion to dismiss, finding a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal. *See Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1949 (2009). "[N]aked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* (internal quotation marks omitted). The Court further affirmed that a formulaic recitation of claim elements, because of its conclusory nature, is not entitled to the presumption of truth. *Id.* at 1951.

Despite being obligated to construe *pro se* pleadings liberally, the Court "cannot be a *pro se* litigant's advocate." *See Dillard-Crowe v. Aurora Loan Services, LLC*, Nos. 07-cv-01987-WDM-CBS, 07-cv-02293-WDM-CBS, 2008 WL 3201226, at *5 (D. Colo.

Aug. 5, 2008). The Court must not assume the plaintiff can prove facts he has not alleged, or that the defendant has violated laws in ways not alleged. *See Assoc. Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Walker v. Bd. of Trs.*, 76 F. Supp. 2d 1105, 1108 (D. Colo. 1999) (same). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Before *Twombly*, a complaint may have withstood a motion to dismiss "if it left open the possibility that a fact not alleged in the complaint could render the complaint sufficient." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). But now, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

Although the Court may not generally "look beyond the confines of the complaint itself[,]" the Court may consider "mere argument" in the parties' motion to dismiss memoranda. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002). It is also "accepted practice" that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" without converting it into a motion for summary judgment. *Id*. (cited authority and internal quotation marks omitted); *see also Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

### D. Fed. R. Evid. 201

The "United States Court of Appeals for the Tenth Circuit has consistently held that 'facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.'" *Gardner v. Miami-Yoder Sch. Dist. JT-60*, No. 10-cv-00530-ZLW, 2010 WL 4537951, at *1 (D. Colo. Nov. 3, 2010) (cited authority omitted). "The taking of judicial notice under Rule 201(d) is mandatory 'if requested by a party and supplied with the necessary information.'" *Center For Native Ecosystems v. U.S. Fish & Wildlife Serv.*, No. 08-cv-2744, 2010 WL 2035580, at *2 (D. Colo. May 20, 2010) (quoting Fed. R. Evid. 201(d)).

Pursuant Fed. R. Evid. 201, the court can take judicial notice "of its own files and records, as well as facts which are a matter of public record." *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 3170758, at *3 (D. Colo. Aug. 10, 2010) (taking judicial notice of filings and orders from related case) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000))); *Cartinelle v. Napolitano*, No. 08-cv-02223-REB-BNB, 2010 WL 2543575, at *2 fn. 1 (D. Colo. May 4, 2010) (finding Court "may take judicial notice of the records in the plaintiffs' previously filed cases").

The Court may also take judicial notice of regulations and documents incorporated by reference in the pleadings. *See*, *e.g.*, *Hubler v. Lander*, No. 08-cv-02546-PAB-BNB, 2010 WL 935667, at *4 fn. 3 (D. Colo. Mar. 10, 2010); *Walker v. Van Laningham,* 148 P.3d 391, 397 (Colo. App. 2006) ("In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits

or incorporated by reference in the pleadings, and matters of which the court may take judicial notice.").

## IV.   ARGUMENT

Plaintiffs' complaint is nothing short of a baseless compilation of legal conclusions parading as alleged facts.  Nowhere in any of plaintiffs' ramblings do they specifically identify a single fact or any other good faith basis to plausibly suggest Citi engaged in any conspiracy or unlawful conduct, or that its lien is somehow invalid.  Citi simply is not, and should not be, obligated to divine what claims pertain to it and what facts allegedly support any such claims.  Nor is it required to provide plaintiffs with a detailed roadmap for any potentially identifiable claim in their pleading.  Despite being armed with the internet, mere recitation of legal theories and statutes available online is not sufficient to survive a motion to dismiss.

### A.   The Complaint Violates Rules 8(a) and 9(b).

The complaint violates Rule 8(a) because it fails to sufficiently or plausibly explain what plaintiffs believe Citi did wrong, why they think Citi's lien is invalid, and/or why they think Citi's lien priority is anything other than what is on the face of the Second Loan deed of trust.  It is also the opposite of a "plain statement" containing "simple" and "concise" allegations.  Rule 8(a), (d)(1).  There is nothing simple or concise about plaintiffs' election to lump all four defendants together under a single term only to equivocate, without rhyme or reason, between singular, plural and possessive usage of that term.

Similarly, given plaintiffs' overarching fraud refrain, their failure to properly identify which defendant is the subject of each allegation is fatal because it clearly runs

afoul of the particularity requirement under Rule 9(b). Plaintiffs simply do not "set forth the time, place and contents" of any allegedly false representations by Citi. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000) (citation omitted).

Citi cannot reasonably and fully answer a complaint it does not understand. For this reason alone plaintiffs' complaint should be dismissed.

### B. Plaintiffs' Conspiracy Theory Is Insufficiently Pleaded.

Plaintiffs' conspiracy theory fails because they have not, and cannot, plead any facts that plausibly support a claim for civil conspiracy. Under Colorado law, five elements are required to establish a civil conspiracy claim: "(1) two or more persons, and for this purpose corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Walker v. Van Laningham*, 148 P.3d 391, 396 (Colo. App. 2006). Plaintiffs fail to alleged any facts to satisfy the second element, namely that Citi had an agreement or meeting of the minds with any other defendant to accomplish an unlawful goal or a lawful goal by unlawful means. *See Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) ("[C]ourts will not infer the agreement necessary to form a conspiracy; evidence of such an agreement must be presented by the plaintiff. Additionally, the purpose of the conspiracy must involve an unlawful act or unlawful means. A party may not be held liable for doing in a proper manner that which it had a lawful right to do." (internal citations omitted)). All plaintiffs offer are bare legal conclusions, which are insufficient to survive a motion to dismiss. (*See, e.g.*, Compl., 2:6, 7:13, 7:19).

### C. Plaintiffs' Claims That Citi Is Liable For Any Harm Relating To Or Resulting From Deutsche Bank's Actions Concerning The First Loan Or The Motion For Relief From Stay Are Baseless and Insufficiently Pleaded.

Plaintiffs' complaint is also devoid of any factual allegations identifying or explaining Citi's alleged role in filing Deutsche Bank's "Notice Of Election And Demand For Sale" on the First Loan, participating in any foreclosure proceedings on the Property, committing fraud on the Court, converting the Property, maliciously prosecuting plaintiffs, or any other action on which plaintiffs base a claim, but for which they do not present any evidence showing Citi played a part. The fact is, Citi has no interest in the First Loan; it owns the Second Loan and has taken no action to foreclose at this juncture. Clearly, plaintiffs' complaint addresses alleged wrongdoing concerning the First Loan, which is the only loan on which foreclosure has been initiated. Citi's non-involvement in such actions can be gleaned from judicially-noticeable facts.

However, even if plaintiffs' complaint can be construed as an attack on the Second Loan, plaintiffs have no good faith basis to challenge either the validity or priority of that loan. Nor have they included any allegations in their complaint that would fairly and reasonably put Citi on notice as to the factual basis for their challenge or need for a determination. Allegations such as "plaintiff [sic] is NOT indebted to . . . any of the defendants, and owes no money at all to any of the Defendants" and "defendants have no real legal interest in the subject property" fail to reasonably explain why plaintiffs believe the Second Loan is invalid. (Compl. 2:5-6, 11:15). These statements are illustrative examples of the overall pleading deficiencies inherent in plaintiffs' complaint.

The Second Loan documents are essential to plaintiffs' alleged "claim," yet in an effort to avoid dismissal, plaintiffs failed to attached them to their complaint. Because the very purpose of plaintiffs' alleged Fed. R. Bankr. P. 7001(2) claim is to arguably determine the validity of the Second Loan, Citi respectfully requests the Court exercise its discretion to consider those documents without converting this motion to dismiss into a motion for summary judgment. *See, e.g., MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002); *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). Even a cursory review of the Second Loan documents, including the original note, the deed of trust, and the mortgage assignment to Citi, reveals prima facie evidence that Citi has a valid interest in the plaintiffs' Property, in the second lien position. (RJN, Exs. 1, 2, 3). Given the absence of any good-faith or factually-based challenged, plaintiffs' Fed. R. Bankr. P. 7001(2) claim should be dismissed with prejudice.

## V.   CONCLUSION

Plaintiffs' complaint fails to allege any facts to support the causes of action as maintained against Citi. Citi thus respectfully requests the Court grant its motion to dismiss, with prejudice.

Dated this 19th day of November, 2010.

                                        Respectfully submitted,

                                        *s/ Victoria E. Edwards*
Justin D. Balser, Reg. No. 34365
Victoria E. Edwards, Reg. No. 39838
Kevin R. Dehring, Reg. No. 36343
**AKERMAN SENTERFITT LLP**
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
(303) 260-7712 Telephone
(303) 260-7714 Facsimile
Email: justin.balser@akerman.com
Email: victoria.edwards@akerman.com
Email: kevin.dehring@akerman.com

*Attorneys for Defendant
CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 19, 2010, I electronically filed the foregoing **CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' Adversary Complaint** with the Clerk of Court using the CM/ECF system and served the following party by First Class United States Mail, postage prepaid:

> Mark S. Miller
> Jamileh Miller
> 19733 E. Union Drive
> Centennial, CO 80015
> *Pro Se Plaintiffs*

> *s/ Toni Domres*
> Toni Domres