**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | | |
|---|---|---|
| IN RE : MARK S. MILLER<br>JAMILEH MILLER<br><br>DEBTORS | )<br>)<br>)<br>)<br>)<br>) | Chapter 13<br>Case No. 10-25453 |
| MARK S. MILLER<br>JAMILEH MILLER<br><br>Plaintiffs,<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, ARONOWITZ &<br>MECKLENBURG, LLP,<br>CITIMORTGAGE AND ONEWEST<br>BANK FSB<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Case No.<br>10-01757-MER |

**DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO**
**ORDER REGARDING MAY 3, 2011 HEARING**

Defendant CitiMortgage, Inc. (**CitiMortgage**) respectfully submits this brief in response to the Court's Order Regarding May 3, 2011 Hearing.

## I.      STATEMENT OF THE ISSUES

(1) Plaintiffs' use of the words "Jury Demand" on certain pleadings, and whether withdrawal of the reference is appropriate under FED. R. CIV. P. 38 and FED. R. BANKR. P. 5011 and 9015, or any other applicable rule or statute.

(2)  The status of any pending state or federal court proceedings that are related to this adversary proceeding (10-01757-MER) or bankruptcy case (10-25453-MER), including whether such proceedings require this Court to remand, abstain or hold this adversary proceeding in abeyance.

1

{DN078935;1}

## II.   <u>INTRODUCTION</u>

Neither plaintiffs' use of the words "Jury Demand" on any pleadings or other papers filed with the Court, nor any related federal or state court proceedings provide a basis to delay ruling on CitiMortgage's motion to dismiss.  Plaintiffs have not properly demanded a jury trial.  Nor have they stated any claims against CitiMortgage, let alone any claims that might require a withdrawal of the reference.

Similarly, CitiMortgage is not party to the pending Arapahoe County District Court case (Case No. 2010-cv-201323) (**State Court Action**) or the pending Bankruptcy Appellate Panel appeal (Case No. 10-073) (**BAP Appeal**), and CitiMortgage did not file a claim in the pending bankruptcy case (Case No. 10-25453-MER) (**Bankruptcy Action**).[1]  Moreover, none of these actions appear to involve issues that might impact the resolution of CitiMortgage's pending motion to dismiss.  As such, there is no basis to remand, abstain or hold its determination in abeyance.

## III.   <u>ARGUMENT</u>

### A.   **Withdrawal Of The Reference Is Premature**

Mandatory withdrawal of the reference is improper here because resolution of plaintiffs' adversary complaint does not require "consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce."  *See* 28 U.S.C. 157(d).  Plaintiffs' adversary complaint purports to allege only title 11 and state law claims, and will not require substantial and material consideration "of federal law that congress intended to be decided by district court judges."  *In re Van Vleet*, Nos. 08-cv-00506-WYD, 08-cv-01645-WYD,

{DN078935;1}

08-cv-01870-WYD, 08-cv-02109-WYD, 09-cv-00433-WYD, 2009 WL 3162212, at *17 (D. Colo. Sept. 30, 2009).  As such, mandatory withdrawal of the reference is not appropriate.

Similarly, permissive withdrawal of the reference is also not warranted at this time. Although plaintiffs purport to allege certain state law claims that appear to be legal in nature and implicate the right to a jury trial, plaintiffs have not properly demanded a jury trial and their complaint fails as a matter of law to state any claims against CitiMortgage upon which relief can be granted.  *See* FED. R. CIV. P. 38(b);  FED. R. BANKR. P. 9015(a); *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990) ("We hold that to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court."); *but see In re Mullaney*, 179 B.R. 942, 944 (D. Colo. 1995).  The mere possibility of a jury trial right does not mean a bankruptcy court must instantly give up jurisdiction and transfer the case to district court. *See In re Centrix Fin., LLC*, No. 09-cv-01542-PAB-CBS, 2011 WL 63505, at *2-6 (D. Colo. Jan. 7, 2011); *In re Centrix Fin., LLC,* No. 09-cv-00088-PAB, 2009 WL 1605826, at *3 (D. Colo. June 8, 2009).

Resolving CitiMortgage's motion to dismiss does not infringe on any jury trial right because it involves a legal determination as to whether a trial is even necessary.  *See In re Centrix Fin., LLC*, 2009 WL 1605826, at *4.  CitiMortgage's motion to dismiss, coupled with the absence of any substantive or meaningful opposition, highlights that plaintiffs have not stated any claims against CitiMortgage, and thus, have no right to a jury trial.  For these reasons, it is premature to recommend that the reference be withdrawn.

---

[1] Undersigned counsel is unaware of any other pending actions that are related to this adversary proceeding, the Bankruptcy Action, the BAP Appeal, or the State Court Action.

**B.      The Court Should Not Remand, Abstain or Hold CitiMortgage's Motion To**

**Dismiss in Abeyance**

CitiMortgage is not a party to the State Court Action or the BAP Appeal, and the question  of standing at issue in those proceedings has no bearing on CitiMortgage's motion to dismiss because CitiMortgage did not foreclose on plaintiffs' property.  Moreover, CitiMortgage did not file a claim in the Bankruptcy Action.  There is simply no court to which CitiMortgage's motion to dismiss can be remanded, there are no pending cases in which CitiMortgage is a party that would warrant abstention, and there is no just reason to hold resolution of CitiMortgage's motion to dismiss in abeyance.  *See* 28 U.S.C. § 1334.

## IV.      <u>CONCLUSION</u>

For the reasons stated herein, CitiMortgage respectfully maintains that this Court can and should grant its motion to dismiss plaintiffs' adversary complaint, with prejudice.

Dated this 27th day of April, 2011.

Respectfully submitted,

 s/ Kevin R. Dehring
Justin D. Balser, Reg. No. 34365
Victoria E. Edwards, Reg. No. 39838
Kevin R. Dehring, Reg. No. 36343
**AKERMAN SENTERFITT LLP**
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
(303) 260-7712 Telephone
(303) 260-7714 Facsimile
Email: justin.balser@akerman.com
Email: victoria.edwards@akerman.com
Email: kevin.dehring@akerman.com
*Attorneys for Defendant*
*CitiMortgage, Inc.*

4

{DN078935;1}

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2011, I electronically filed the foregoing **Defendant CitiMortgage, Inc.'s Response to Order Regarding May 3, 2011 Hearing** with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the e-mail address for the following parties:

> Susan J. Hendrick
> Aronowitz & Mecklenburg, LLP
> 1199 Bannock Street
> Denver, CO 80204
> Email:  bk@amlawco.com
> *Attorney for Defendants*
> *Aronowitz & Mecklenburg, LLP,*
> *Deutsche Bank National Trust Company, and*
> *OneWest Bank, F.S.B.*

and served the following party by First Class United States Mail, postage prepaid:

> Mark S. Miller
> Jamileh Miller
> 19733 E. Union Drive
> Centennial, CO 80015
> *Pro Se Plaintiffs*

> *s/ Toni Domres*
> Toni Domres

{DN078935;1}