## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-25453 MER |
| MARK S. MILLER | ) | |
| JAMILEH MILLER | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| MARK S. MILLER | ) | Adversary No. 10-1757 MER |
| JAMILEH MILLER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY; ARONOWITZ & | ) | |
| MECKLENBERG, LLC; CITIMORTGAGE | ) | |
| INC.; and ONE WEST BANK, F.S.B | ) | Signed/Docketed |
| | ) | September 29, 2011 |
| Defendants. | ) | |

### ORDER RE: CITIMORTGAGE, INC.'S MOTION TO DISMISS
### PLAINTIFFS' FIRST AMENDED ADVERSARY COMPLAINT

THIS MATTER comes before the Court on *CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Adversary Complaint* (the "Motion to Dismiss").[1]

### JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (L) as it concerns the administration of the estate, allowance or disallowance of claims against the estate, and confirmation of a plan.

---

[1] *See* Motion to Dismiss filed June 1, 2011. Pursuant to L.B.R. 7007, "Unless otherwise provided for by a statute, rule or court order, any response to a motion must be filed with the court and served on interested parties within fourteen (14) days after service of the motion." Debtors failed to file a response to CitiMortgage's Motion to Dismiss.

## SUMMARY OF THE PROCEEDINGS

### A.      Main Bankruptcy Case

Mark S. Miller and Jamileh Miller (the "Debtors") filed a petition for Chapter 13 bankruptcy relief on June 22, 2010.  Several pleadings regarding the Plaintiffs/Debtors and the Defendants to this adversary proceeding have been filed in the main bankruptcy case.  Those pleadings and this adversary proceeding involve real property located at 19733 E. Union Drive, Centennial, CO 80015 (the "Real Property").[2]  Relevant pleadings in the main bankruptcy case include:

- On August 23, 2010, the Debtor filed an *Objection to and Motion to Disallow Proof of Claim No. 12315030*, the claim filed by One West Bank ("OWB").  Deutsche Bank National Trust Company as Trustee ("Deutsche") filed a response on September 9, 2010.  On October 21, 2010, the Debtors filed a *Notice of Withdrawal of Objection to Proof of Claim Without Prejudice With Leave to Proceed in Adversary Proceeding*.

- On September 13, 2010, the Debtors filed a *Motion for Valuation of Security* regarding the Real Property and creditor Indymac,Bank, F.S.B. ("IndyMac") /CitiMortgage.  Deutsche filed a response on September 28, 2010.  A certificate of contested matter has not been filed.  No hearing is set.

- On October 7, 2010, Deutsche filed a *Motion for Relief From Automatic Stay* regarding the Real Property.  The Debtors filed an objection on October 26, 2010.  At the preliminary hearing on November 3, 2010, the Court granted Deutsche's motion.  The Debtors appealed the Court's Order to the Tenth Circuit Bankruptcy Appellate Panel ("BAP") on November 12, 2010 (BAP No. CO-10-073).  On May 12, 2011, the BAP issued an unpublished opinion affirming this Court's order.  On May 19, 2011, the Debtors appealed the BAP's opinion to the Tenth Circuit Court of Appeals (Case No. 11-1232).  The appeal remains pending.

- During the course of the main case, the Debtors filed six Chapter 13 plans in this case, briefly summarized below:

  - Original Plan (Docket #9).  Objections were filed by the Trustee and Deutsche, and the Plan denied on September 13, 2010.

---

[2]  The Real Property was listed on Schedule A as being owned in "fee simple" by both joint Debtors, with a current value of $195,000, and secured claims against the Real Property of $265,511.  Schedule A notes the Real Property was in foreclosure with a sale date of June 23, 2010.  The Debtors listed the following secured claims against the Real Property on Schedule D: (1) Aronowitz & Mecklenburg, as lawyers for Deutsche Bank, $0 (contingent, unliquidated and disputed), (2) CitiMortgage, Inc., for second mortgage incurred in April 2006, $51,209.00 (disputed), (3) Deutsche Bank, for deed claim incurred in February 2010, $0 (contingent, unliquidated and disputed), (4) Farrell & Seldin, as lawyers for CitiMortgage, $0 (contingent, unliquidated and disputed), (5) Indymac Bank Hm Ln, for a first mortgage incurred in April 2006, $214,302.00 (disputed).

- Amended Plan (Docket #21).  The Amended Plan was denied on September 13, 2010,
- Second Amended Plan (Docket #43).  Objections were filed by the Trustee and Deutsche.  The Second Amended Plan was denied on November 8, 2010.
- Third Amended Plan (Docket #100).  An Objection was filed by the Trustee, and a continued confirmation hearing was held on January 10, 2011, and continued to January 24, 2011.  The matter was then continued twice at Debtors' request, first to March 14, 2011 and then to May 9, 2011.  The Third Amended Plan was denied at the hearing on May 9, 2011.
- Fourth Amended Plan (Docket #137).  An Objection was filed by the Trustee.  The Fourth Amended Plan was denied on July 18, 2011.
- Fifth Amended Plan (Docket #145).  An Objection was filed by the Trustee.  Plan confirmation was put in abeyance pending resolution of this adversary proceeding.

## B.    Adversary Proceeding

### 1.    Original Complaint

On October 18, 2010, the Debtors commenced this adversary proceeding against Deutsche, Aronowitz & Mecklenburg, LLP ("A&M"), CitiMortgage, Inc. ("CitiMortgage"), and OWB by filing *Plaintiff's Original Complaint for Recovery of Money & Property, Fraud, Fraudulent Transfer, & Unlawful Foreclosure* ("Complaint").[3]  Motions to dismiss the Complaint were filed by A&M, Deutsche and OWB, and by CitiMortgage.  In response, the Debtors filed an *Answer & Objections to Defendants 12(b)(6) Motion to Dismiss & Debtor's Motion to Strike Under Rule 12(f) for Lack of Service* and *Objections to Unserved Motions to Dismiss by CitiBank & Deutsche Bank NA*.  On May 3, 2011, the Court conducted a hearing on the two motions to dismiss and ordered as follows:  (a) the motion to dismiss filed by A&M, Deutsche, and OWB was held in abeyance pending a ruling from the BAP (Case No. 10-073),[4]

---

[3]  In the original Complaint, Debtors stated the following claims for relief:  (1) pursuant to FED. R. BANKR. P. 7001(1), Debtors request recovery of money and property, arguing the Defendants have unlawfully stolen and/or improperly transferred property from the estate; (2) pursuant to FED. R. BANKR. P. 7001(2), Debtors request a determination as to the validity, priority, or extend of a lien or other interest in property, arguing the Defendants have attempted to place an unlawful cloud over the title to the property by using fraudulent transfers; (3) pursuant to FED. R. BANKR. P. 7001(7), Debtors request an injunction or other equitable relief, arguing the Defendants have attempted unlawful foreclosure proceedings and attempts to obtain bankruptcy judgments including a fraudulent "Motion to Lift the Stay" on property which Defendants do not own; and (4) pursuant to FED. R. BANKR. P. 7001(9), Debtors request a declaratory judgment to have Defendants' purported liens be declared unenforceable and declaring the Defendants have no right to proceed against the property.  Debtors sought damages of $10,920,735.71, which include punitive damages, actual damages, fraud, negligent misrepresentation, intentional infliction of emotion distress and pain, conspiracy, compensatory damages, treble damages, embarrassment, humiliation, anxiety, unjust enrichment, unlawful foreclosure, wrongful malicious prosecution, theft and trespass, tortious interference with a contract, embezzlement, deceptive trade practices, stock-securities fraud, conversion, negligence and disgorgement of illegal profits from fraud.

[4]  The matter remains in abeyance pending the Tenth Circuit's decision in Case No. 11-1232.

(b) the motion to dismiss filed by CitiMortgage was denied, and (c) the Debtors were granted leave to amend the Complaint with respect to claims only against CitiMortgage.[5]  The Court also granted Citimortgage leave to respond to the amended complaint filed by the Debtors.

### 2.    First Amended Complaint

On May 16, 2011, the Debtors filed *Plaintiff's* [sic] *First Amended Complaint Against CitiMortgage, Inc. for Fraud, Negligent Misrepresentation, Conspiracy, Debt Harrassment [sic] & Rackeeter* [sic] *Influenced Corruprt [sic] Organization (18 USC § 1962(a), (b), (c), and (d))* (the "First Amended Complaint") which set forth five claims for relief:

(1)  Pursuant to FED. R. BANKR. P. 7001(1), Debtors seek recovery of money and property from CitiMortgage as a result of CitiMortgage's fraudulent conduct, conspiracy, and illegal transfers.

(2)  Pursuant to FED. R. BANKR. P. 7001(2), Debtors seek a determination of the validity, priority or extent of CitiMortgage's lien.  Debtors assert CitiMortgage perpetrated fraudulent liens and false interest.

(3)  Pursuant to 15 U.S.C. § 1692, *et seq.* and 18 U.S.C. § 1962(a), (b), (c), and (d), Debtors seek a determination CitiMortgage perpetrated fraud over a period of five years which resulted in theft, debt harassment, money laundering and unlawful racketeering practices.

(4)  Debtors seek a permanent injunction and declaratory judgment against CitiMortgage declaring its interest to be fraudulent in nature and its fraudulent acts to be unlawful in commerce.

(5)  Debtors seek punitive damages because of CitiMortgage's extreme and outrageous conduct.

The First Amended Complaint is nine pages in length, with the substance of these claims at pages three through nine.  The First Amended Complaint is accompanied by forty-nine pages of CitiMortgage "Mortgage Account Statements" from August 2006 through September 2009 and overdue account or default letters from May 2009 through September 2009.  The specific assertions of the claims for relief are as follows:

### a.    First Claim for Relief

Debtors allege CitiMortgage, together with Deutsche Bank and the other named defendants, has improperly taken money and property belonging to the Debtors' estate. Specifically, Debtors allege CitiMortgage has fraudulently "masqueraded" as the "holder in due course" or the servicer of a loan and has improperly taken monies and payments from Debtors in

---

[5]  *See Minutes of Proceeding*, May 3, 2011 (Docket #34).

violation of the law.  Debtors use such terms and phrases as "CitiMortgage participated with its partner agent to commit the fraudulent acts" and "through an incrate [sic] web of conspiracy, fraud, deceit, conflicts of interest, debt harrassment [sic] . . . .  CitiMortgage, together with the other named defendant Deutsche . . . perpetrated a real estate scam."[6]  Debtors assert the statements and letters attached to the First Amended Complaint are fraudulent and false.

### b.      Second Claim for Relief

Debtors allege CitiMortgage has assisted Deutsche Bank and the other named defendants to prosecute a fraudulent foreclosure, action and false claims in Debtors' bankruptcy case. Again, Debtors allege, "CitiMortgage in a well planned civil conspiracy, had a meeting of the minds, to perpetrate a fraudulent interest in Debtor's [sic] real property."[7]  Debtors go on to allege CitiMortgage sent collection letters containing fraudulent amounts, made harassing phone calls and collected monies from Debtors under the false guise of an assignee of the Debtors' loan.  Debtors assert CitiMortgage is not and was never a party to any loan transaction with the Debtors and Indymac Bank.

### c.      Third and Fifth Claims for Relief

Debtors seek relief for fraud, debt harassment and unlawful racketeering practices allegedly resulting from extreme and outrageous conduct.  The same accusations described above are present in Debtors' allegations regarding CitiMortgage's violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) ("RICO").

Specifically, with respect to the fifth claim for relief, Debtors allege the actions taken by CitiMortgage were "done with malice, and with intent to cause knowledge that it would cause, and in fact has caused severe mental and physical distress and economic loss to the plaintiff. The alleged unlawful conduct of CitiMortgage, Inc. represent [sic] extreme and outrageous conduct and plaintiffs are entitled to Punitive Damages under law. . . if no conspiracy is found between defendants, then defendant CitiMortgage, Inc., independently committed that [sic] acts and are individually liable to the plaintiff for damages."[8]

### d.      Fourth Claim for Relief

Debtors request a permanent injunction or other equitable relief because "(b) the defendant's foreclosure was illegal and unlawful, (c) that defendant has no real lien in plaintiff's [sic] property, or the said lien is unenforceable and/or fraudulent in nature, (d) that defendant [sic] have no right to assert legal actions against the subject property of plaintiff's [sic]

---

[6]  First Amended Complaint, ¶¶ 4.1 and 4.2, page 4 of 9.

[7]  First Amended Complaint, ¶ 5.2, page 5 of 9.

[8]  First Amended Complaint, page 8 of 9.

bankruptcy case."[9]  Therefore, Debtors seek a declaratory judgment that (a) defendants are not in possession of the original mortgage or promissory note; (b) the original promissory note has not been assigned to CitiMortgage, Deutsche or to any other defendants; (c) all defendants committed the fraud; (d) all defendants committed fraud on the court; and (e) all other acts complained of are unlawful in commerce.[10]

### 3.      Motion to Dismiss

On June 1, 2011, CitiMortgage filed its Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)").[11] [12]  CitiMortgage argues the First Amended Complaint, like the

---

[9]  First Amended Complaint, ¶ 3.5, page 3 of 9.

[10]  First Amended Complaint, ¶ 4.2, page 7 of 9.

[11]  Rule 12(b)(6) is made applicable to bankruptcy adversary proceeding through FED. R. BANKR. P. 7012.

[12]  Attached to the Motion to Dismiss is CitiMortgage's *Request for Judicial Notice in Support of Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Adversary Complaint* ("Request for Judicial Notice") identifying Exhibits 1-9.  Exhibits 1-9 are also attached to the Motion to Dismiss and include:

| | |
|---|---|
| Exhibit 1: | Note dated April 20, 2006, executed by Mark S. Miller and Jamileh Miller in favor of IndyMac Bank, F.S.B., in the amount of $216,236.00 (the "First Loan"). |
| Exhibit 2: | Note dated April 20, 2006, executed by Mark S. Miller and Jamileh Miller in favor of IndyMac Bank, F.S.B., in the amount of $54,060.00 (the "Second Loan"). |
| Exhibit 3: | Deed of Trust executed by Mark S. Miller and Jamileh Miller in favor of IndyMac Bank, F.S.B. on or about April 20, 2006, and recorded in the Official Records of the County of Arapahoe on March 19, 2007, as instrument number B7034459. |
| Exhibit 4: | Deed of Trust (Secondary Lien) executed by Mark S. Miller and Jamileh Miller in favor of IndyMac Bank, F.S.B. on or about April 20, 2006, and recorded in the Official Records of the County of Arapahoe on March 19, 2007, as instrument number B7034460. |
| Exhibit 5: | "Assignment of Mortgage," assigning the Second Loan on Plaintiffs' Real Property to CitiMortgage, recorded in the Official Records of the County of Arapahoe on November 4, 2010, as instrument number D0113769. |
| Exhibit 6: | Deutsche Bank's "Notice of Election and Demand for Sale," dated February 18, 2010, and recorded in the official records of the county of Arapahoe on February 24, 2010, as instrument number D0017969. |
| Exhibit 7: | Deutsche Bank's "Rule 120 Motion for Order Authorizing Sale" filed with the Arapahoe County District Court on January 18, 2011, in civil case number 2010 CV 201323. |
| Exhibit 8: | "Order Authorizing Sale" signed by the Honorable Charles M. Pratt on November 19, 2010, in civil case number 2010 CV 201323. |
| Exhibit 9: | "Verified Complaint to Quiet Title (Adverse Possession) Illegal Eviction, Illegal Foreclosure, Fraud, Temporary Restraining Order / Permanent Injunction & Declaratory Judgment" filed in |

original Complaint and the Debtors' state court complaint[13] "is a compilation of legal conclusions that is devoid of any factual underpinnings."[14]  CitiMortgage believes Debtors' primary contentions are that Deutsche (with respect to the first lien) and CitiMortgage (with respect to the second lien) are fraudulently claiming an interest in the Real Property. CitiMortgage argues the Debtors have failed to allege the purported fraud with sufficient particularity and have offered nothing to support any claim against it.  CitiMortgage contends, "Debtors either misunderstand Colorado's laws pertaining to negotiable instruments and foreclosure, or are intentionally acting to harass CitiMortgage with the frivolous complaints now pending in state and federal court."[15]

Further, CitiMortgage states IndyMac was the originating lender for the First Loan and Second Loan in April 2006 (collectively, the "Loans").  CitiMortgage asserts it began servicing the Second Loan shortly after it was originated in 2006, and was subsequently assigned the Second Loan in November 2010.  It notes the Debtors defaulted on the Second Loan in June 2009, but CitiMortgage did not foreclose on the Second Loan.  Rather, Deutsche filed its "Notice of Election and Demand for Sale" and "Rule 120 Motion for Order Authorizing Sale" on the First Loan.[16]  CitiMortgage is not a named party in Deutsche's foreclosure proceeding and is not named on either document.  Similarly, it is not a named party in Deutsche's motion for relief from stay proceeding in this Court, the BAP appeal, or Tenth Circuit appeal.

As noted above, on May 3, 2011, the Court granted Debtors leave to amend the Complaint as to the claims against CitiMortgage.  However, according to CitiMortgage, instead of adding factual allegations to support the claims the Debtors were asserting, the Debtors added new claims under RICO and FDCPA, and for extreme and outrageous conduct, without adding any support to the original claims in the Complaint.

Finally, CitiMortgage notes this Court's Order March 28, 2011, directed the parties to be prepared specifically to address, "[t]he status of any pending state or federal court proceedings that are related to this adversary proceeding (10-01757-MER) or bankruptcy case (10-25453-MER), including whether such proceedings require this Court to remand, abstain or

---

Arapahoe County District Court on April 28, 2011, in civil case number 2011 CV 735.  Named defendants include Deutsche Bank National Trust Company, CitiMortgage, Aronowitz and Mecklenberg, Susan Hendrick, and OneWest Bank F.S.B.

[13]  *See* Motion to Dismiss, Ex. 9 (copy of the Debtors' "Verified Complaint to Quiet Title (Adverse Possession) Illegal Eviction, Illegal Foreclosure, Fraud, Temporary Restraining Order / Permanent Injunction & Declaratory Judgment" filed in Arapahoe County District Court on April 28, 2011, in civil case number 2011 CV 735).

[14]  Motion to Dismiss, p. 1.

[15]  Motion to Dismiss, p. 2.

[16]  Motion to Dismiss, Ex. 6 and Ex. 7.

hold this adversary proceeding in abeyance."[17]  However, the Debtors did not advise the Court at the May 3, 2011 hearing of the complaint the Debtors filed against the Defendants on April 28, 2011, in the Arapahoe County District Court.[18]

Accordingly, CitiMortgage seeks dismissal of the First Amended Complaint pursuant to Rule 12(b)(6) based on the following grounds: (a) Debtors' First Amended Complaint supersedes their original Complaint and does not "supplement" it as Debtors argue, (b) Debtors' fraud claims are insufficiently pled and legally unsupportable, (c) there was no civil conspiracy as a matter of law, (d) CitiMortgage is not a debt collector as defined in the FDCPA and thus is not subject to the FDCPA claims, (e) Debtors' RICO claims fail because the Debtors' fraud and conspiracy claims are conclusory and baseless, and (f) Debtors cannot allege any extreme and outrageous conduct.

## TREATMENT OF THE MOTION TO DISMISS

CitiMortgage indicates it filed the Motion to Dismiss pursuant to Rule 12(b)(6). However, because CitiMortgage attached additional materials to the Motion to Dismiss for the Court's consideration, it must be treated as a motion for summary judgment.[19]

FED. R. CIV. P. 56 provides the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[20]  A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of the record, including depositions, documents  . . . affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials."[21]  When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary

---

[17]  Order Regarding May 3, 2011 Hearing, dated March 28, 2011 (10-01757-MER, Docket #30).

[18]  *See* Motion to Dismiss, Ex. 9 (copy of the Debtors' "Verified Complaint to Quiet Title (Adverse Possession) Illegal Eviction, Illegal Foreclosure, Fraud, Temporary Restraining Order / Permanent Injunction & Declaratory Judgment" filed in Arapahoe County District Court on April 28, 2011, in civil case number 2011 CV 735).

[19]  FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .").

[20]  FED. R. CIV. P. 56(A); FED. R. BANKR. P. 7056.

[21]  FED. R. CIV. P. 56(c)(1)(A).

judgment.[22]  The movant bears the initial burden of establishing summary judgment is
appropriate.[23]

## DISCUSSION

*Rule 56 Analysis*

As to the fraud and conspiracy claims, Debtors arrive at legal conclusions regarding
CitiMortgage, but fail to allege why they believe the statements, letters and actions of
CitiMortgage are fraudulent or false.  Furthermore, they fail to identify how CitiMortgage and
the other defendants have conspired.  Specifically, there is not a single allegation of a verbal or
written communication between CitiMortgage and Deutsche supporting any kind of conspiracy.
By contrast, all the exhibits submitted by CitiMortgage show CitiMortgage was not a party to the
Deutsche foreclosure or relief from stay matters.

As has been well established in this Circuit:

> Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances
> constituting fraud or mistake shall be stated with particularity. Malice, intent,
> knowledge, and other conditions of mind of a person may be averred generally."
> FED. R. CIV. P. 9(b).  More specifically, this court requires a complaint alleging fraud
> to "set forth the time, place and contents of the false representation, the identity of
> the party making the false statements and the consequences thereof."  *Lawrence
> Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991). Rule
> 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual
> ground upon which [they] are based. . . ."  *Farlow v. Peat, Marwick, Mitchell & Co.*,
> 956 F.2d 982, 987 (10th Cir.1992) (quotation omitted), implied overruling on other
> grounds recognized by, *Seolas v. Bilzerian*, 951 F.Supp. 978, 981-82 (D.Utah
> 1997).[24]

It is difficult for this Court to examine the factual record and reasonable inferences
therefrom in the light most favorable to the Debtors because the Debtors have merely asserted
legal conclusions without any factual support.  This is particularly frustrating as this Court in its
May 3, 2011 Order directed the Debtors to provide such detail.  Only in CitiMortgage's Motion
to Dismiss and attached exhibits are the facts in this matter presented in such a way the Court
can evaluate the history of the Loans, the parties thereto, and proceedings involved.

---

[22] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986);  *Wright v.
Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[23] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 256 (1986).

[24] *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236-1237 (10th Cir. 2000).

Regarding the claims under FDCPA, RICO and extreme and outrageous conduct, this Court did not give the Debtors leave to amend their Complaint to add additional claims against any of the defendants. This Court specifically told the Debtors at the May 3, 2011 hearing the type of information and allegations necessary for this Court to allow the claims against CitiMortgage to proceed in this matter. Even if the claims were properly added to the First Amended Complaint, they must fail as none of the elements of the FDCPA or RICO are stated or alleged, other than citation to the applicable United States Code sections and painting of broad legal conclusions. As a result, this Court is without any basis on which to find Debtors have substantiated their claims in a manner necessary to survive Rule 56.

With respect to the damages claimed by Debtors, there is no discussion in the First Amended Complaint about sums of money, amount of liens, or amount of damages or restitution. Only in the final "Wherefore" paragraph do Debtors request an award of "$10,920,735.71, including court costs, attorneys' fees, interest from the date of judicial demand and for all general and equitable relief afforded under law."[25] There is no factual basis for such relief. Accordingly, the Court concludes there is no genuine issue as to any material fact surrounding the underlying documents at issue in this case, including CitiMortgage's Exhibits 1 through 8, all of which are publicly recorded documents.

### *Rule 12(b)(6) Analysis*

For clarity of record, this Court will also address the Motion as filed under Rule 12(b)(6). Rule 12(b) provides in relevant part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . .

(6) failure to state a claim upon which relief can be granted; . . .[26]

When reviewing a motion filed under Rule 12(b)6), "we assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[27] To survive a motion to dismiss, a plaintiff  must "'nudge his claims across the line from conceivable

---

[25] First Amended Complaint, page 9 of 9.

[26] FED R. CIV. P. 12(b)(6).

[27] *Meyers v. Alliance for Affordable Services*, 371 Fed. Appx. 950, 955 (10th Cir. 2010) (citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

to plausible.'"[28] "If the plaintiff fails to allege an essential element of his claim, the complaint is appropriately dismissed pursuant to *Rule 12(b)(6)*."[29]

As previously noted, this Court cannot conclude from the factual record and reasonable inferences therefrom that Debtors have sufficiently stated any facts in support of their claims. Debtors merely recited legal conclusions without any factual support. CitiMortgage's Motion to Dismiss is the sole source of information for this Court to make a determination on the facts underlying this proceeding. As such, Debtors' claims fail to meet the standards set forth under Rule 12(b)(6) and must be dismissed.

## CONCLUSION

Under either Rule 56 or Rule 12(b)(6), the Court finds CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Adversary Complaint must be granted. Debtors have failed to show how CitiMortgage is connected to the Debtors' main allegations against the other Defendants in this matter. Accordingly,

IT IS ORDERED *CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Adversary Complaint* is GRANTED and CitiMortgage is dismissed as a defendant in this Adversary Proceeding.

Dated: September 29, 2011                    BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

---

[28] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (alterations omitted).

[29] *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009) (emphasis in original).

Page 11 of 11